IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LINCOLN HOCKEY LIMITED LIABILITY
COMPANY, doing business as the
WASHINGTON CAPITALS,

                Plaintiff,

-against-

ALEXANDER SEMIN, INTERNATIONAL
SPORTS ADVISORS COMPANY, INC. and
MARK GANDLER,

                Defendants.

Case No: 1:05 CV 02094

## DECLARATION OF ANNA BELIAKOVA

I, ANNA BELIAKOVA, hereby declare:

1.    I am a lawyer, admitted to the practice in the Russian Federation, and a senior legal counsel with the Moscow office of De Berti Jacchia Franchini Forlani Studio Legale, which is headquartered in Milan, Italy. I graduated in 1999 from the Irkutsk State University Faculty of Law and received a university degree in law with honors. I submit this declaration on behalf of Lincoln Hockey, LLC, doing business as the Washington Capitals.

## MY QUALIFICATIONS

2.    I am familiar with the laws and regulations concerning military service and conscription in the Russian Federation. From September 1999 through March 2002, I served as legal counsel to the Union of the Committees of Soldiers' Mothers of Russia (the "UCSMR"), a prominent organization in the Russian Federation concerned with issues of military conscription. My duties in that role included (i) analyzing Russian legislation and international law in the field of military service and human rights, (ii) drafting applications to the European Court for Human

Rights on behalf of military conscripts in Russia, (iii) representing conscripts in criminal, civil and administrative proceedings in the courts of Russia, including in the criminal courts, civil courts, military courts and the military department of the Supreme Court of the Russian Federation. In addition, I participated in the working group of the Duma of the Russian Federation (our parliament) responsible for drafting a law entitled "On Alternative Civil Service," which concerned providing civil service alternatives to mandatory military service. I was an advisor to the group Human Rights Watch in the drafting of their report "Conscription Through Detention In Russia's Armed Forces," which was published in 2002. A copy of my curriculum vitae is annexed as Exhibit A.

3. Since leaving the UCMSR in March 2002, I have practiced as a commercial lawyer, principally in Moscow. In 2004, I served as a consultant to the National Hockey League in an arbitration involving the hockey player Nikolai Zherdev concerning the claim of the Ice Hockey Federation of Russia (the "IHFR") and the Russian hockey team CSKA Moscow that Mr. Zherdev had to be returned to Russia because he had been conscripted into the Russian military and therefore could not play hockey for the Columbus Bluejackets of the NHL. In connection with that proceeding, I concluded that Mr. Zherdev could not have been validly conscripted into the Russian military. My conclusion was later confirmed by the decision of the Moscow Military Prosecutor declining to prosecute Mr. Zherdev for failing to fulfill his military service obligations because Mr. Zherdev had never been validly conscripted into the Russian military. During the arbitration proceedings, which were held in Zurich, Switzerland, the IHFR and CSKA Moscow withdrew their claim that Mr. Zherdev was in the Russian military and the arbitrator concluded that the conscription documents that had been presented to support the claim were a "fabrication."

4.      The purpose of this declaration is to supply the Court with the relevant Russian statutes and regulations that concern military service in the Russian Federation. I do not have legible copies of Mr. Semin's conscription documents or his military passport, nor do I have access to Mr. Semin. Thus, I am unable to conclude whether the procedures for conscription in accordance with Russian law were followed in the case of Mr. Semin. Certain conclusions about his "conscription" and "military service" are clear from Russian law, however.

5.      First, according to article 83 of the Labour Code of the Russian Federation, conscription to the armed forces is deemed to be a ground for termination of an employment contract. In case of conscription, an employment contract shall be terminated independently of parties' will and agreements on this matter. Russian legislation does not provide any exemptions to this rule. A copy of an Excerpt of Article 83 of the Labour Code of the Russian Federation - together with a certified English translation - is annexed as Exhibit B (the said provision has not been amended since its translation).

6.      Therefore, if Mr. Semin was conscripted to the Russian military, any employment contract concluded between the hockey club Lada Togliatti and Mr. Semin would have been terminated at the day of conscription.

7.      Second, Russian law makes no provision for a citizen to perform military service by playing hockey for a private hockey team. Russian law provides that citizens shall perform military service as conscripts at the Armed Forces of the Russian Federation, Border Troops and Internal Security Forces of the Ministry of Interior of the Russian Federation (clause 3 article 36 of the Federal Law On Military Duty and Military Service as amended on March 7, 2005). According to clause 1 article 44 (as amended on January 1, 2005) of the said Federal

3

Law, a serviceman may be attached to a federal government body or other state bodies or institutions, international organizations in accordance with international treaties to which the Russian Federation is a party, state unitary enterprises whose property is owned by the state or open joint stock companies wholly owned by the federal government and carrying out defence or national security activities. Copies of the relevant excerpts of this statute, as amended through this date, together with an English translation of the text as amended since 2004 are annexed as Exhibit C.

8.  Under Russian law, military service in any entities not listed above is not allowed. Therefore, Mr. Semin could not perform military service by playing hockey for a private entity.

9.  According to article 38 of the Federal Law On Military Duty and Military Service the term of military service is 24 months. (*See* Exhibit C.) There is no provision in law for that term to be diminished.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed:    Moscow, Russian Federation
             November 1, 2005

_____
Anna Beliakova