IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINCOLN HOCKEY LIMITED LIABILITY COMPANY, doing business as the WASHINGTON CAPITALS,<br><br>                Plaintiff,<br><br>v.<br><br>ALEXANDER SEMIN; INTERNATIONAL SPORTS ADVISORS COMPANY, INC.; and MARK GANDLER,<br><br>                Defendants.<br><br>NATIONAL HOCKEY LEAGUE PLAYERS' ASSOCIATION<br>777 Bay Street, Suite 2400<br>P.O. Box 121<br>Toronto, Canada M5G 2C8,<br><br>              Applicant for Intervention. | No. 1:05cv02094 (HHK) |

## MOTION TO INTERVENE

The National Hockey League Players' Association ("NHLPA") respectfully moves the Court, pursuant to Rule 24 of the Federal Rules of Civil Procedure, to intervene as a defendant in this action. The grounds for this motion are more fully set forth in the Statement of Points and Authorities that is incorporated herein.

While Rule 24(c), as well as Local Rule 7(j), generally require that the intervenor's complaint or answer accompany the motion to intervene, NHLPA respectfully requests that it be permitted to defer the filing of its proposed answer in this instance. NHLPA is moving to intervene on one day's notice in light of the hearing on plaintiff's motion for a

temporary restraining order that has been set for November 3. As explained below, NHLPA's interest in the integrity of its collective bargaining agreement would be adversely affected by the interim relief plaintiff seeks, and NHLPA therefore seeks to protect that interest by moving to intervene at a time that would allow it to be heard at the TRO hearing. As time does not permit preparation of an answer prior to the November 3 hearing, NHLPA requests that it be allowed to submit its proposed answer no later than November 17, 2005, the date on which the answers of defendants Gandler and International Sports Advisors are due.

## STATEMENT OF POINTS AND AUTHORITIES

NHLPA is a "labor organization," within the meaning of § 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5), and is the exclusive bargaining representative for professional hockey players employed by the member clubs of the National Hockey League ("NHL"). In that capacity, NHLPA has negotiated and is a party to a collective bargaining agreement ("CBA") with the NHL that establishes the terms and conditions of employment for NHL players. Included in the CBA is the collectively bargained Standard Player Contract ("SPC"), which is the "sole form of employment contract used for all Player signings" in the NHL. CBA, Art. 11.1. (Relevant excerpts from the current CBA are attached hereto as Exhibit A.)

Plaintiff's attempt to enforce the terms of the CBA and its SPC in this Court would seriously undermine the CBA's provision for a grievance and arbitration system as the sole forum for resolution of "any dispute involving the interpretation or application of, or compliance with, any provision of this Agreement, including any SPC." CBA Art. 17.1. NHLPA therefore seeks to intervene in this action in order to defend the integrity of the

CBA to which it is a party. As we explain in what follows, NHLPA should be permitted to intervene pursuant to Rule 24(a) as a matter of right, or, in the alternative, permissively under Rule 24(b).

      A.      Intervention as of right under Rule 24(a)(2) is governed by a four-pronged test that requires consideration of the following factors:

> (1) the timeliness of the motion; (2) whether the applicant "claims an interest relating to the property or transaction which is the subject of the action"; (3) whether "the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest"; and (4) whether "the applicant's interest is adequately represented by existing parties.

*Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003). In addition, the applicant for intervention must establish its standing under Article III of the Constitution. *Id.* at 731-32.

      1.      The timeliness issue is readily disposed of. NHLPA has moved to intervene just over a week after the complaint was filed, before any defendant has answered, and before any other action has taken place in the litigation. *See id.* at 735 (intervention two months after complaint was timely).

      2.      NHLPA's interest in the "transaction" that is the "subject of the action" is also apparent. That "transaction" is the contract that is alleged to have been violated by defendant Semin, *i.e.*, the CBA and its SPC. As party to this collective bargaining agreement, NHLPA has an obvious interest in that agreement and in any legal proceeding through which that agreement would be enforced, interpreted, or construed. More specifically, NHLPA has an interest in protecting the integrity of the CBA's provision for resolution of disputes involving the "interpretation or application of, or compliance with" any provision of the CBA, including the SPC, exclusively through the bargained-for

grievance and arbitration process. CBA, Art. 17.1. *See*, *e.g.*, *CBS, Inc. v. Snyder*, 798 F. Supp. 1019, 1023 (S.D.N.Y. 1992) (union had "a legally protectible interest in participating in proceeding, such as this one, which may affect the interpretation and/or enforceability of the arbitration provisions of these [collective bargaining agreements]"), *aff'd*, 989 F.2d 89 (2d Cir. 1993).

3.  A judgment of this Court enforcing and interpreting the CBA and SPC would "impair or impede" NHLPA's ability to protect its interest in the integrity of the CBA. As noted above, the CBA provides for its enforcement and interpretation through the contractual grievance and arbitration process. NHLPA would be a party to any such arbitration through which the terms of the CBA and SPC might be construed, or compliance with those terms be determined, and as such would be in a position to participate as an advocate in the construction of the CBA's terms. Here, by contrast, plaintiff seeks to proceed in a judicial forum solely against the player and his agent. Unless NHLPA is allowed to intervene in this action, the meaning of critical provisions of the CBA and SPC will be determined without its participation. In particular, the Court will necessarily have to determine whether the CBA and SPC can be enforced through such a judicial proceeding, outside the contractually bargained-for grievance and arbitration process. Exclusion of NHLPA from this litigation will seriously "impair or impede" its ability to protect the integrity of the critical dispute-resolution provisions of its collective bargaining agreement. *See CBS v. Snyder*, 798 F. Supp. at 1023 ("Unless [the union] is permitted to intervene, its interest in ensuring that the [collective bargaining agreements] are interpreted correctly will be substantially undermined.").

4. Nor is it clear that NHLPA's interests will be adequately represented by the existing defendants. The Supreme Court and the D.C. Circuit have both made clear that the burden of making the "adequate representation" showing is "minimal" and "not onerous." *Fund for Animals*, 322 F.3d at 735 (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972); *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986)). A petitioner "ordinarily should be allowed to intervene unless it is *clear* that the party will provide adequate representation for the absentee." *United States v. American Tel. & Tel. Co.*, 642 F.2d 1285, 1293 (D.C. Cir. 1980) (emphasis added).

Here, that "minimal" burden readily is met. Neither the player nor his agent have the same institutional interest in the interpretation of the CBA as does NHLPA. NHLPA's duty, in enforcing its collective bargaining agreement, is not bound by the interests of the particular player in question, but rather runs to the members of the bargaining unit collectively. Thus, as the court noted in *CBS v. Snyder*, "no party is equipped to assert [the union's] broad institutional interests as exclusive collective bargaining representative responsible for administering the [collective bargaining agreements] on behalf of [its] members." 798 F. Supp. at 1023.

While in this litigation there may well be a "partial congruence of interests" between NHLPA and the existing defendants, "that does not guarantee the adequacy of representation." *Fund for Animals*, 322 F.3d at 737. As the D.C. Circuit has recognized,

> "interests need not be wholly 'adverse' before there is a basis for concluding that existing representation of a 'different' interest may be inadequate." . . . [E]ven "a shared general agreement . . . does not necessarily ensure agreement in all particular respects," . . . and "[t]he tactical similarity of the present legal contentions of the [parties] does not assure adequacy of representation or necessarily preclude the [intervenor] from the opportunity to appear in [its] own behalf."

*Id.* (citations omitted). NHLPA's overriding interest in this litigation is to protect the integrity of its collective bargaining agreement–and particularly its dispute-resolution provisions. Notwithstanding a possible "tactical similarity," *id.*, of interests at various points in the litigation, no other party has the same institutional focus on the correct interpretation of its collective bargaining agreement. Accordingly, NHLPA is entitled "to appear in [its] own behalf" in order to protect its interest in the integrity of its CBA.

     5.     There can be no doubt, finally, that, as party to the CBA, NHLPA has an interest in the correct interpretation of that agreement sufficient to confer standing to litigate the meaning of the CBA's terms. The requirements for Article III standing are (1) injury-in-fact, (2) causation, and (3) redressability. *Fund for Animals*, 322 F.3d at 732-33. Here, the injury NHLPA seeks to prevent by intervening as a defendant is the undermining of the provisions of its collective bargaining agreement for resolution, through the grievance and arbitration process, of disputes about the interpretation, application, or compliance with the CBA and SPC. That injury would be caused by the relief plaintiff seeks in this case, and it could be redressed–prevented–by this Court's determination that it lacks jurisdiction over plaintiff's complaint for violation of the CBA.

     B.     Should the Court conclude that NHLPA is not entitled to intervene as of right, it should nonetheless allow intervention permissively pursuant to Rule 24(b). Permissive intervention is available, in the Court's discretion, upon timely application, "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). In exercising its discretion, the Court should "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.* Under this standard, permissive intervention is clearly warranted.

The application is timely, as explained above. NHLPA's defense will clearly share questions of both law and fact, *inter alia* concerning the interpretation of the collective bargaining agreement, with the existing defendants' defenses. And there is no reason to believe that the requested intervention would unduly delay or prejudice the rights of any existing party.

## CONCLUSION

For the reasons set forth above, NHLPA should be permitted to intervene as a defendant in this litigation.

Respectfully submitted,

    /s/ John M. West
GEORGE H. COHEN (D.C. Bar # 022574)
JOHN M. WEST (D.C. Bar # 424718)
Bredhoff & Kaiser, P.L.L.C.
805 Fifteenth Street, N.W.
Suite 1000
Washington, DC  20005
(202) 842-2600

Counsel for NHLPA

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2005, the foregoing Motion to Intervene was filed electronically with the Court. In addition, the motion was hand-delivered on this date to:

> William L. Gardner
> Morgan Lewis
> 1111 Pennsylvania Avenue, N.W.
> Washington, DC  20004

and dispatched by first-class airmail, postage prepaid, to:

> Alexander Semin
> Voronova 18d  #155
> Krasnoyarsk
> Russian Federation  660131

                /s/ John M. West