IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LINCOLN HOCKEY LIMITED LIABILITY
COMPANY, doing business as the
WASHINGTON CAPITALS,

                Plaintiff,             Case No.: 1:05 CV 02094 (HHK)

    v.

ALEXANDER SEMIN, INTERNATIONAL
SPORTS ADVISORS COMPANY, INC. and
MARK GANDLER,

                Defendants.

**ANSWER OF MARK GANDLER AND INTERNATIONAL
SPORTS ADVISORS COMPANY, INC. TO COMPLAINT**

      Defendants Mark Gandler and International Sports Advisors Company, Inc. (collectively "Defendants"), by and through undersigned counsel, hereby answer the complaint of Plaintiffs Lincoln Hockey Limited Liability Co., doing business as the Washington Capitals ("Lincoln") as follows:

      1.     The statements set forth in Paragraph 1 of the Complaint require no answer as they merely purport to describe the nature of the action. To the extent any response is required, Defendants deny the allegations contained in Paragraph 1.

      2.     The statements set forth in the first sentence of Paragraph 2 of the Complaint require no answer as they merely purport to describe the nature of the action and relief sought by Lincoln. Defendants deny all other allegations contained in Paragraph 2.

      3.     Defendants deny all allegations contained in Paragraph 3.

4. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 4. Defendants admit the other allegations.

5. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. Defendants admit allegations in Paragraph 6.

7. Defendants admit allegations in Paragraph 7.

8. Defendants admit allegations in Paragraph 8.

9. The allegations in Paragraph 9 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 9.

10. The allegations in Paragraph 10 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 10.

11. Defendants admit the allegations in the first sentence of Paragraph 11. Defendants admit that the second sentence of Paragraph 11 purports to characterize certain language from a National Hockey League Player's contract with the Washington Capitals and further states that the contract speaks for itself. Defendants respectfully refer the Court to the contract for a full and complete statement of its terms. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 11.

12. Defendants admit that Paragraph 12 purports to recite certain language from the "Semin Contract," and Defendants further state the contract speaks for itself. Defendants respectfully refer the Court to the contract for a complete statement of its terms.

13. Defendants admit that Paragraph 13 purports to recite certain language from the "Semin Contract," and state that the contract speaks for itself. Defendants respectfully refer the Court to the contract and complete statement of its terms.

14. Defendants admit that Paragraph 14 purports to recite certain language from the "Semin Contract," and Defendants further state the contract speaks for itself. Defendants respectfully refer the Court to the contract for a complete statement of its terms.

15. Defendants admit the allegations in the first sentence of Paragraph 15. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 15.

16. Defendants admit the allegations of Paragraph 16.

17. Defendants admit that Paragraph 17 purports to recite certain language from the "Semin Contract," and Defendants further state the contract speaks for itself. Defendants respectfully refer the Court to the contract for a complete statement of its terms.

18. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 22.

23. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 23. The allegations in the second sentence of Paragraph 23 are conclusions of law governing the Russian Federation to which no response is required. To the extent any response is required, Defendants deny the allegations in the second sentence of Paragraph 23.

24. The allegations in Paragraph 24 are conclusions of law governing the Russian Federation to which no response is required. To the extent any response is required, Defendants deny the allegations of Paragraph 24.

25. The allegations in Paragraph 25 purport to recite certain statements from the General Secretary of the Ice Hockey Federation of Russia. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27. Defendants admit allegations in the first sentence of Paragraph 27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence in Paragraph 27.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32. Defendants admit the allegations in Paragraph 32.

33. Defendants admit that Gandler knows Mr. Vorobiev, and has represented players from teams coached by Mr. Vorobiev, but otherwise deny the allegations in Paragraph 33.

34. Defendants admit that Mr. Semin has played for Lada Togliatti but otherwise deny the allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 36 that "Semin's former agent stated that he was 'able to work out a deal with the Russian Military.'" Defendants admit the allegation that "Gandler has stated that his client's military obligation prevents him from departing from Russia."

37. Defendants deny the allegations contained in Paragraph 37.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 38 that Mr. Semin's military service is "alleged." To the extent a response is required, Defendants admit that Semin has not left Russia because of his military obligations in Russia. Defendants deny the second sentence of Paragraph 38.

39. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

## **FIRST CAUSE OF ACTION**

### **(Against Semin For Injunctive Relief)**

41. Defendants repeat and incorporate by reference herein all their responses to Paragraphs 1-40 of the Complaint as if set forth verbatim here.

42. The allegations in Paragraph 42 are conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations.

43. The allegations in Paragraph 43 are conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations.

44. Defendants admit that Paragraph 44 purports to recite certain language from the Semin Contract and further state that the contract speaks for itself. Defendants respectfully refer the Court to the terms of the contract for a full and complete statement of its terms.

45. The allegations in Paragraph 45 are conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 45.

46. The allegations in Paragraph 46 are conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 46.

47. The allegations in Paragraph 47 are conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 47.

## SECOND CAUSE OF ACTION

**(For Damages Against Gandler And ISA  
For Tortious Interference With Contract)**

48.  Defendants repeat and incorporate by reference herein all their responses to Paragraphs 1-47 of the Complaint as if set forth verbatim here.

49.  Defendants deny the allegations in Paragraph 49, and further state that it is unclear to which Semin Contract this paragraph relates.

50.  Defendants deny the allegations in Paragraph 50.

51.  Defendants admit the allegations in Paragraph 51.

52.  Defendants deny the allegations in Paragraph 52.

53.  Defendants admit the allegations in Paragraph 53.

54.  Defendants deny the allegations in Paragraph 54.

55.  The allegations in Paragraph 55 set forth a conclusion of law. To the extent any response is required, Defendants deny the allegations in Paragraph 55.

56.  The allegations in Paragraph 56 set forth a conclusion of law. To the extent any response is required, Defendants deny the allegations in Paragraph 56.

57.  The allegations in Paragraph 57 set forth a conclusion of law. To the extent any response is required, Defendants deny the allegations in Paragraph 57.

## THIRD CAUSE OF ACTION

**(For Injunctive Relief Against Gandler And ISA To Restrain  
Their Continued Tortious Interference With Contract)**

58.  Defendants repeat and incorporate by reference herein all their responses to Paragraphs 1-57 of the Complaint as if set forth verbatim herein.

59. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59. To the extent any response is required, Defendants deny the allegations in Paragraph 59.

60. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60. To the extent any response is required, Defendants deny the allegations in Paragraph 60.

61. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61. To the extent any response is required, Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

63. The allegations in Paragraph 63 are conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 63.

64. The allegations in Paragraph 64 are conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegation in Paragraph 64.

## FOURTH CAUSE OF ACTION

### (For Damages Against Gandler And ISA For Aiding And Abetting A Breach Of Fiduciary Duty)

65. Defendants repeat and incorporate by reference herein all responses to Paragraphs 1 through 64 of the Complaint as if set forth verbatim herein.

66. The allegations in Paragraph 66 are conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 66.

67. The allegations in Paragraph 67 are conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 67.

68. The allegations in Paragraph 68 are conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 68.

69. The allegations in Paragraph 69 are conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 69.

70. The allegations in Paragraph 70 are conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 70.

71. The allegations in Paragraph 71 are conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 71.

72. The allegations in Paragraph 72 are conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 72.

All allegations of the Complaint not expressly admitted herein are denied.

Defendants deny that Lincoln is entitled to any of the relief it seeks.

## SEPARATE DEFENSES

### First Separate Defense

The Complaint fails to state a claim upon which relief may be granted.

**Second Separate Defense**

The relief sought is barred by the doctrines of waiver and estoppel.

**Third Separate Defense**

This Court lacks personal jurisdiction over the Defendants.

**Fourth Separate Defense**

This Court lacks subject matter jurisdiction over this dispute.

**Fifth Separate Defense**

The relief sought is barred by the doctrine of forum non conveniens.

**Sixth Separate Defense**

The relief sought is barred by the doctrine of unclean hands.

**Seventh Separate Defense**

Defendants as agents to Mr. Semin cannot be found to have tortiously interfered with the contract of its principal.

**Eighth Separate Defense**

The relief sought is barred by the doctrine of impossibility.

Respectfully submitted,

_____/s/_____
William L. Gardner
(D.C. Bar No. 004747)
David M. Hibey
(D.C. Bar No. 466856)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue NW
Washington, D.C.  20036
202.739.5180

Dated:  November 14, 2005

Attorneys for Defendants
Mark Gandler and International
Sports Advisors Company, Inc.