# EXHIBIT J

09/14/2005  09:26    +917676           ALEXGOLD                      PAGE  03
                                                                  #4508 P.003

# STANDARD PLAYER-AGENT CONTRACT

AGREEMENT made this 14th day of September 2005 by and between Alexander Semin (the "Player") and International Sports Advisors Co. (the "Agent") ₁ and (if applicable) Mark Gandler and Todd J. Diamond (the "Guarantor") ₂



### WITNESSETH:

In consideration of the mutual promises hereinafter contained, the parties hereto promise and agree as follows:

1. **General Principles**

This Agreement is entered into pursuant to and in accordance with the National Hockey League Players' Association (the "NHLPA") Regulations Governing Agent Certification (the "Regulations") which may be amended from time to time. The Agent (or the Guarantor hereto if the Agent is a business entity) represents that he ₃ has read and familiarized himself with the Regulations and has applied for, and received, certification from the NHLPA. The Agent (and

---

₁ A maximum of three agents may personally execute this contract as "Agent". In the alternative, this contract may be executed by one corporation, partnership or other legal entity as "Agent" if a valid reason for doing so is demonstrated to the NHLPA. An agent who is granted NHLPA authority to execute the Standard Player-Agent Contract through a corporation, partnership or other legal entity will be required to personally execute the contract as Guarantor. Where there is more than one agent executing the document as "Agent" all reference to "Agent" herein shall include the plural as required and the document shall be and interpreted accordingly unless the context requires that the singular be used.

₂ A maximum of three (3) agents may personally execute this contract as "Guarantor" and only where this contract has been properly executed by a corporation, partnership or other legal entity. Where there is more than one agent executing this contract as a "Guarantor", all reference to" Guarantor" herein shall include the plural as required and the contract shall be read and interpreted accordingly unless the context requires that the singular be used.

₃ References to "he" or "his" shall apply equally to she/her and it/its (in the case of a corporation, partnership or other legal entity).

MG/ISA 0052

-2-

Guarantor hereto if the Agent is a business entity) further represents that he acts as a fiduciary on behalf of the Player in performing services pursuant to this Agreement.

2. Services

The Agent is hereby retained by the Player to represent, advise, counsel and assist Player:

(1) in conducting individual compensation negotiations for the Player's services with the Player's NHL club; and

(2) in maintaining and enforcing the Player's rights following execution of a contract with the Player's NHL club.

In performing these services, the Agent agrees to perform in such a manner so as to ensure the effective representation of the Player and to at all times protect the best interests of the Player. The Agent further agrees to comply fully with the Regulations.

It is understood and agreed that the Agent shall not have the authority to bind or commit the Player in any manner without prior written consent of the Player. In no event shall the Agent execute a Player contract for, or on behalf of, the Player.

3. Agent Fees

The Player agrees, subject to the terms and conditions set forth herein, to pay the Agent for services performed the fees set forth in Schedule "A" attached hereto in the manner and at the times referred to therein. The fees to be paid by the Player to the Agent and the due date for payment must be specified in precise terms. For example, if the Agent is to be paid a percentage of the compensation to be received by the Player, the percentage amount(s) must be set forth. Similarly, if an hourly rate has been agreed upon, the dollar rate per hour must be stated and the Agent shall document his services and the time spent therein. Furthermore, it is not sufficient for Schedule "A" to specify when a player will be invoiced for fees without also specifying in Schedule "A" when such invoices are due and payable.

There shall be no entitlement to interest on outstanding fees unless Schedule "A" explicitly provides for same.

The Agent shall not be entitled to receive any fee pursuant to this Agreement until and unless the Player receives the compensation upon which the Agent's fee is based. If, by way of example, the player is suspended by the league or retires during the term of his Standard Player Contract and does not receive the full amount of his compensation under his Standard Player Contract, the agent shall not be entitled to a fee in respect of the compensation not received. Any portion of a fee based on Player compensation that is unascertainable at the time the Player contract is executed (e.g. a performance bonus) shall not be collected by the Agent unless or until the Player has received such compensation.

MG/ISA 0053

-3-

Notwithstanding the foregoing, the Player has the sole discretion to decide that it is in his best interest to pay all or a part of the Agent's fee in advance of the receipt of any compensation for the current season and for any deferred compensation. An agent is authorized to accept advance payment(s) provided that:

(1) the agreement for advance payment(s) must be in writing and signed by the Player and the Agent;

(2) the advance payment(s) cannot exceed the fee agreement set forth above;

(3) any advance payment(s) relating to deferred compensation shall be based upon the present value of that compensation; and

(4) in the event that the Player as a result of injury, suspension, retirement, or for any other reason whatsoever does not receive the full amount of the compensation upon which the advance fee payment was based, the Agent shall refund that pro rata portion of the advance fee relating the compensation not received by the Player.

In no event shall the Agent accept directly or indirectly, payment of his fee from the Player's club. Further, the amount of the Agent's fee shall not be discussed by the Agent (or the Guarantor hereto if the Agent is a business entity) with, or otherwise disclosed to, the club with whom the Agent is negotiating on behalf of the Player or with any other person whatsoever, nor shall the Agent or Player negotiate or secure an agreement from the club respecting the amount of the Agent's fee.

4. **Expenses**

(a) General

Except as set forth in Schedule "A", all expenses incurred by the Agent in the performance of this Agreement shall be solely the Agent's responsibility and shall not be reimbursable by the Player. In the event that Schedule "A" provides for reimbursement of expenses it shall be limited to expenses actually incurred by the Agent in the performance of this Agreement and further provide that any expense in addition to reasonable charges for photocopying, facsimile, long distance telephone and courier charges must be approved of in advance by the Player to be reimbursable. All reimbursable expenses must be documented by the Agent and the Player agrees to pay such expenses within thirty (30) days of receipt of a detailed itemized statement.

(b) Advisors

Irrespective of the provisions of subparagraph (a) above, the Agent and Player have set forth on Schedule "A" hereto the names and addresses of all outside advisors, financial or tax consultants, lawyers and other parties who shall perform services in connection with the Agent's obligations under this Agreement along with the player's obligations, if any, for charges or

MG/ISA 0054

-4-

expenses in connection with said services. Nothing in this subparagraph shall relieve any individual, or derogate from, the certification requirements of Section 1.A of the Regulations.

5. **Term**

This Agreement shall begin on the date hereof and shall continue in effect only until the expiration date of the Player contract executed pursuant to this Agreement; provided, however, that this Agreement shall immediately terminate:

(a) Upon delivery of written notice of termination by one party to the other party.

(b) Upon a Guarantor (if any), ceasing to be employed or retained by, or ceasing to otherwise be affiliated with, the Agent.

(c) If an Agent (or a Guarantor hereto if the Agent is a business entity) has his certification suspended or revoked by the NHLPA or if he is otherwise prohibited by the NHLPA from performing the services agreed upon herein.

Provided that any termination shall not affect or limit the liability of the Agent (and the Guarantor hereto if the Agent is a business entity) for any act or omission of the Agent arising prior to the date of such termination.

Upon the Agreement being terminated pursuant to either (a) or (b) of the above provisions, the Agent shall be entitled to be compensated for the reasonable value of the services he had already performed based upon the fee schedule contained in Section 3 above.

Upon the Agreement being terminated pursuant to (c) of the above provisions, the Agent shall forfeit the right to receive any further fees and shall refund a pro rata portion of any advance fee payment received from the player relating to compensation received by the player following the suspension, revocation or other prohibition by the NHLPA.

The Agent acknowledges and agrees that he shall not be entitled to commence negotiating a new Player contract or re-negotiate the Player contract executed pursuant to this Agreement unless the Player and the Agent execute a new form of Player Agent Contract in the form of this Agreement.

6. **Dispute Resolution**

It is agreed between the Player, Agent and Guarantor (if any) that any and all disputes involving the meaning, interpretation, application or enforcement of this Agreement or the obligations of the parties under this Agreement shall be resolved exclusively through binding arbitration as established and set forth in the Regulations. It is further understood and agreed that the NHLPA may participate in any arbitration hearing and present, by testimony or otherwise, any evidence relevant to the dispute.

MG/ISA 0055

-5-

Such disputes are uniquely internal matters between the Player, Agent and Guarantor (if any). It is agreed that the arbitrator's award shall constitute a final and binding resolution of the dispute and no party shall have the right to appeal or seek judicial review on any ground.

7.  **Disclaimer**

It is understood and acknowledged by the parties that the Player, Agent and Guarantor (if any) have voluntarily entered into this Agreement and it is agreed that the Player, Agent and Guarantor (if any) will save and hold harmless the NHLPA, its officers, employees and representatives (the "Indemnitees") from any and all liabilities, damages, costs and expenses whatsoever suffered by the Indemnitees or any of them with respect to any matter arising in connection with this Agreement or the representation of the Player by the Agent and Guarantor (if any). Any Indemnitee(s) shall be entitled to enforce the provisions of this indemnity as third party beneficiaries notwithstanding that such Indemnitee(s) are not a party to this agreement.

The Player acknowledges and agrees that he has, by his own choice, selected the Agent to act on his own behalf and has satisfied himself as to the Agent's ability to do so. Further, the Player agrees that the NHLPA shall not have any liability to the Player by virtue of having certified the Agent, or if the Agent is a business entity, by virtue of the NHLPA having certified the Guarantor.

8.  **Notices**

All notices pursuant to this Agreement shall be effective if sent by certified mail, postage prepaid, to the following addresses:

If to the Agent:            Mark Gandler and Todd J. Diamond
(and if applicable, the Guarantor)   International Sports Advisors Co.
                            878 Ridgeview Way
                            Franklin Lakes, New Jersey 07417 USA

If to the Player:           Alexander Semin
                            ul. STEPANA-RAZINA 83, APT. 35
                            TOGLIATTI, RUSSIA 445051

9.  **Applicable Legislation**

The Agent, Player and Guarantor (if any) acknowledge that various states of the United States of America and/or Provinces of Canada have promulgated or may promulgate laws governing the relationship between them. Where applicable, such legislation may require that this Agreement contain certain mandatory clauses or provisions. The mandatory clauses or provisions (and only such mandatory clauses and provisions), if applicable to the relationship herein, have been attached hereto as Schedule "B" and form an integral part of this Agreement.

MG/ISA 0056

09/14/2005  09:26   +917676           ALEXGOLD                    PAGE  08
                                                                #4508 P.008

-6-

In the event that the parties fail to attach such mandatory clauses or provisions, such clauses and provisions shall be deemed to be incorporated into this Agreement and the failure of the Agent and Guarantor (if any) to incorporate such mandatory clauses or provisions shall not affect the enforceability of this Agreement by the Player.

10. **Entire Agreement**

This Agreement sets forth the entire agreement between the parties, supersedes any and all prior agreements (oral and written) and there are no undisclosed agreements or understandings of any kind. This Agreement cannot be amended or changed orally and any written addenda, amendments or changes shall be effective only to the extent that they are consistent with the terms of this Agreement and the Regulations.

11. **Governing Law**

This Agreement shall be construed, interpreted and enforced according to the laws of the Province of Ontario.

12. **Filing**

This contract should be signed in triplicate. One (1) original copy must be promptly delivered by prepaid certified mail by the Agent to the NHLPA within forty-eight (48) hours of its execution; one (1) original copy must be promptly delivered by the Agent to the Player; and one (1) original copy should be retained by the Agent.

13. **Assignment**

This contract may not be assigned without the express written consent of all parties, which consent may not be unreasonably withheld.

MG/ISA 0057

-7-

| EXAMINE THIS CONTRACT CAREFULLY BEFORE SIGNING IT |    N    1

WITNESS WHEREOF, the parties hereto have executed this Agreement. (print name of each individual signing this contract below the signature line and, if the Agent is a business entity, in addition to the name of the person signing on behalf of the entity identify that person's position or status with the entity.

_[signature]_____    _9/14/05_____    _[signature]_____
Witness                      Date                 Agent

_____    _____    _____
Witness                      Date                 Agent

_[signature]_____    _14.09.05_____    _[signature]_____
Witness                      Date                 Agent

_[signature]_____    _14.09.2005_____    _____
Witness                      Date                 Player

                                                  _____
                                                  Parent or Guardian
                                                  (if Player is under 21 years of age)

                                                  _March 3, 1984_____
                                                  Player's Date of Birth

In the event that the Agent is a corporation, partnership, joint venture or other business entity, the individual player representative must sign the guarantee set forth below.

In consideration of the payment of $10.00 by Player to the undersigned, and for other good and valuable consideration (the receipt and sufficiency of which is hereby acknowledged by the undersigned), the undersigned hereby unconditionally guarantees the due performance of all obligations and covenants of the Agent to the Player under this Agreement.

_[signature]_____    _9/14/05_____    _[signature]_____
Witness                      Date                 Guarantor

_[signature]_____    _9/14/05_____    _[signature]_____
Witness                      Date                 Guarantor

_____    _____    _____
Witness                      Date                 Guarantor

MG/ISA 0058

## SCHEDULE "A"

THIS SCHEDULE is hereby made a part of the Standard Player-Agent Contract dated September 14th, 2005 between International Sports Advisors Co. (the "Agent") and Alexander Semin (the "Player").

1. The Agent shall be compensated as follows:

    a. A sum equivalent to 5% (five per cent) of all gross compensation received by the Player arising out of his NHL Standard Player's Contract ("Gross Compensation"). Gross Compensation shall include signing, reporting, roster and performance bonuses and salary. Gross Compensation shall not include team bonuses and play-off bonuses awarded by the NHL; and

    b. A sum equivalent to 15% (fifteen percent) of all of the Player's gross income arising out of the commercial use of the Player's name and likeness.

2. The Agent shall be entitled to its compensation in the following manner:

    a. Compensation with respect to the Player's signing, reporting, roster and performance bonuses shall be paid by the Player to the Agent upon receipt of such bonuses;

    b. Compensation with respect to the Player's salary shall be paid by the Player to the Agent each season on January 15 and April 15, one half each time; and

    c. Compensation with respect to the gross income arising out of the commercial use of the name and likeness of the Player shall be paid by the Player to the Agent upon receipt of such gross income.

3. The Agent shall be entitled to interest on overdue accounts at the rate established by the Ontario Courts of Justice Act. The Player shall be entitled to a 30-day grace period.

IN WITNESS WHEREOF, the parties hereto have executed this Schedule "A" on the 14th day of September 2005.

_____          _____
Witness                             Agent

_____          _____
Witness                             Player

March 9, 1984
Player's Date of Birth              _____
                                    Parent or Guardian
_____
Witness                             Mark Gandler -- Guarantor

_____          _____
Witness                             Todd J. Diamond -- Guarantor

MG/ISA 0059