IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LINCOLN HOCKEY LIMITED LIABILITY
COMPANY, doing business as the
WASHINGTON CAPITALS,

                Plaintiff,          Case No.: 1:05 CV 02094 (HHK)

        v.

ALEXANDER SEMIN, INTERNATIONAL
SPORTS ADVISORS COMPANY. INC. and
MARK GANDLER,

                Defendants.

**DEFENDANT ALEXANDER SEMIN'S STATEMENT OF POINTS AND
AUTHORITIES IN SUPPORT OF HIS MOTION TO DISMISS THE COMPLAINT
HEREIN AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY
INJUNCTION AND EXPEDITED DISCOVERY**

Alexander Semin respectfully submits this statement of points and authorities in support

of his motion to dismiss the complaint herein on the grounds of forum non conveniens, under

doctrines of international comity and the Act of State, and in the alternate, on the grounds of

arbitration agreements, and in opposition to plaintiff's motion for a preliminary injunction and

expedited discovery, and for stay of discovery pending decision on the dispositive motion.

## SUMMARY OF ARGUMENT

**The U.S. District Court is Inappropriate Forum for Resolving this Dispute**

Based upon the complaint herein, declaration of Anna Beliakova submitted by plaintiff Lincoln Hockey Limited Liability Company, doing business as the Washington Capitals ("Capitals") and documents annexed to the accompanying Declaration of Alexander Berkovich that unequivocally demonstrate Alexander Semin's service in the military of the Russian Federation, it is undisputed that the central factual and legal issue in this case is an issue of Alexander Semin's service in the Russian military.

We respectfully submit that this Court is not however appropriate or convenient forum for the resolution of the issues involving a foreign national's service in his country's military. Rather, the Russian Federation and its legal tribunals should have much greater interest in and capacity to resolving such issue than this Courts would. Furthermore, all relevant documents (in Russian) and witnesses relevant to the military service issue – most critically the Russian military officials -- are located in the Russian Federation. Continuation of this lawsuit would thus impose upon this Court an unnecessary and inappropriate burden of having to determine and apply the laws, rules, regulations, practices and orders of a foreign military. The complaint herein should thus be dismissed on the *forum non conveniens* grounds alone.

In the alternative, this lawsuit against Alexander Semin should be dismissed based upon doctrines of international comity and the Act of State in that it should be inappropriate for the U.S. court to adjudicate decisions, practices and acts of a foreign state, particularly in area of military service, and the status of a foreign national in his country's own military.

In the alternative, this lawsuit against Alexander Semin should be dismissed based upon mandatory arbitrability of this dispute under the Agreement between the National Hockey

2

League ("NHL") and the International Ice Hockey Federation ("IIHF") dated June 9, 2001

("NHL/IIHF Agreement") under which Alexander Semin was transferred to the Capitals.

Finally, in the alternative, this lawsuit against Alexander Semin should be dismissed

based upon arbitrability of this dispute under the Collective Bargaining Agreement ("CBA")

between the NHL and NHL Players' Association ("NHLPA").

## Injunctive Relief Should be Denied as the Capitals Failed to Demonstrate the Likelihood of Success on the Merits

As both a matter of law and the facts, the Capitals' motion for a preliminary injunction

should be denied. First, the Capitals set forth no credible facts to support its speculation that

Alexander Semin is not conscripted to the Russian military. In fact, documents presented herein

with the accompanying Declaration of Alexander Berkovich that the Capitals had an opportunity

to review for more than two months, clearly demonstrate the opposite. Second, the Capitals fail

to establish that Semin is in breach of his contract with the Capitals as he is prevented by the

Russian military service from performing under his contract with the Capitals, being rendered

incapable to do so due to the intervening government action of the Russian military authorities.

## Discovery Should Be Stayed Pending this Court Decision on the Dispositive Motion Made By Alexander Semin

Discovery should be stayed for the following reasons. First, in the interest of judicial and

parties' economy, discovery should be stayed pending the Court's decision with respect to the

dispositive motion made herein by Alexander Semin. Second, this court, in any event, has no

compulsory process powers with respect to any discovery of the Russian Military or any other

Russian witnesses or documents. Third, even if Alexander Semin were subject to this Court's

jurisdiction. it is unclear whether – as a member of the foreign military - he could provide any discovery regarding his military status.

## STATEMENT OF FACTS

Alexander Semin is 21-years old. and is a citizen and resident of the Russian Federation. (See Complaint ⁶6) On or about July 2003. Alexander Semin entered into a contract with the Capitals. (See Complaint ¶1) The Capitals do not dispute that on or about September 25, 2004, Semin was served by the Russian Military Conscription Department with an official notice mandating that he fulfill a military obligation to the Russian Federation.

Additionally, prior to the commencement of this lawsuit, the Capitals have been provided by Alexander Semin's sports manager, International Sports Advisors Company, Inc. ("ISA"), with the following documents in Russian – copies and certified English translation of which are annexed to the accompanying Declaration of Alexander Berkovich – which documents demonstrating his military status in Russia:

      a.    "Information on Private Alexander Valerievich Semin" from Central Sports Club of Russian Air Force to the Hockey Club "Lada" Togliatti that states that Alexander Semin took his military oath on November 11. 2004. was serving in the military in the Central Sports Club of Russian Air Force. that term of his compulsory military service is two years and that Alexander Semin's military discharge date was November 10, 2006 (See Exhibit A)

      b.    "Reference" issued by the Russian Ministry of Defense dated September 15, 2005 that states that Alexander Semin is performing military service in the Central Sports Club of the Russian Air Force (See Exhibit B)

      c.    Agreement as of January 7, 2005, whereby Central Sports Club of Russian Air Force, in the city of Samara. the Russian Federation, authorized Alexander Semin to perform his military service by playing for Hockey Club "Lada" Togliatti (See Exhibit C)

      d.    Alexander Semin's military card (See Exhibit D)

4

Although these documents have been provided to the Capitals before this lawsuit was commenced and again most recently by ISA in its document production, the Capitals fail to address these documents or even apprise this Court of their existence, which documents conclusively demonstrate Alexander Semin's military service in the Russian Federation. Rather, by way of speculations, hearsay and innuendo, the Capitals boldly assert that Alexander Semin's military service is a "sham".

While, the Russian attorney employed by the Capitals, Anna Beliakova, implicitly confirms in her Declaration submitted by the Capitals that she indeed received these documents (See Beliakova Decl., ¶ 4), the Capitals "conveniently" attempt to sidestep these documents by Ms. Beliakova asserting that she did not have "legible copies" of these documents. The conscious avoidance by the Capitals of these dispositive documents and the Capitals' failure to advise this Court of these documents' existence and availability for the Court to review, makes Ms. Beliakova's Declaration that discusses other cases and generic statutes useless, at best, as it does not address this specific case and, indeed, less than forthcoming, and makes the Capitals' bold assertions of "sham" untenable. Furthermore, there is no indication in Ms. Beliakova Declaration or elsewhere by the Capitals that the Capitals ever sought prior to the commencement of this action and TRO application the "legible" copies of these documents that are central to the Capitals' case.

Consistent with these documents however, Ms. Beliakova does concede that under the Russian law the term of military service is 24 months and that there is no provision in law for that term to be diminished. (See Beliakova Decl., ¶ 9), thus totally undermining the Capitals position that Alexander Semin is in breach of his contract with the Capitals and there is the likelihood of the Capitals success on the merits of this case, as he is prevented by his

5

conscription to the Russian military service from performing under his contract with the Capitals, being rendered incapable to perform under such contract due to intervening government action of the Russian military authorities.

## ARGUMENT

I.      **This Action Should Be Dismissed on the Forum Non Conveniens Grounds**

Under the common-law doctrine of *forum non conveniens*. this Court should dismiss the pending action where it is determined that the action. although jurisdictionally sound, would be better adjudicated elsewhere. If an alternative forum is available. which clearly is the case here. the Court must then weigh private and public considerations to determine whether adjudication in the alternative forum is more appropriate. *Piper Aircraft Co. v. Reyno.* 454 U.S. 235, 241-254 (1981).

Whether an action should be dismissed pursuant to the doctrine of *forum non conveniens* involves determining whether an adequate alternative forum for the dispute exists: and balancing the public and private interest factors enumerated by the United States Supreme Court in *Gulf Oil Corp. v. Gilbert.* 330 U.S. 501, 507-09. 67 S.Ct. 839. 91 L.Ed. 1055 (1947). to determine "whether the convenience of the parties and the ends of justice would best be served by dismissing the action. The set of public interest factors include: (1) administrative difficulties flowing from court congestion, (2) the local interest in having controversies decided at home, (3) the interest in having the trial in a forum that is familiar with the law governing the action, (4) the avoidance of unnecessary problems in conflict of laws or in the application of foreign law, (5) and the unfairness of burdening citizens in an unrelated forum with jury duty. *Gulf Oil Corp. v. Gilbert.* 330 U.S. 501, 506-09 (1947)(emphasis added).

6

Here. these public interest factors, particularly factors 3 and 4, strongly favor the Russian Federation as an appropriate forum. Indeed, to resolve the parties' dispute. this Court would have to interpret and apply the Russian military law, rules, regulations, practices and orders. A Russian tribunal could address such issues with greater ease and expediency than this Court. Accordingly. the Russian Federation's public interest in this litigation far outweighs that of the United States, specifically. of the District of Columbia.

The private interests of the parties to be weighed in considering a *forum non conveniens* motion include the relative ease of access to sources of proof. the availability of compulsory process for attendance of unwilling witnesses. the cost of obtaining attendance of willing witnesses. and all other practical problems that make trial of a case easy. expeditious. and inexpensive. *Piper Aircraft Co. v. Reyno.* 454 U.S. 235. 241-254 (1981). Here, these factors favor a Russian forum as well, particularly since all relevant documents (in Russian) and witnesses relevant to the military service issue – most critically the Russian military officials -- are located in the Russian Federation and are not subject to compulsory process of this Court for attendance of unwilling witnesses.

Based upon the complaint herein. Declaration of Anna Beliakova submitted by plaintiff and documents herein annexed to the accompanying Declaration of Alexander Berkovich demonstrating Alexander Semin's service in the military of the Russian Federation, it is undisputed that the central factual and legal issue in this case is an issue of Alexander Semin's service in the Russian military.

This Court is however is not appropriate or convenient forum for the resolution of the issue involving a foreign national's service in his country's own military. Rather. the Russian Federation and its legal tribunals should have much greater interest in and capacity to resolving

these issues than this Courts would.  This lawsuit would thus impose on this Court an unnecessary and inappropriate burden of having to determine and apply the laws. rules, regulations. practices and orders of a foreign military.  The complaint herein should thus be dismissed on *forum non conveniens* grounds alone.

Indeed the indisputably central factual and legal issues with respect to Alexander Semin's military service in the Russian Federation centers around transactions that occurred entirely in another jurisdiction. the Russian Federation.  The Capitals claim of "sham" is based upon the events, conduct and military documents in the Russian Federation.  All relevant documents and witnesses (most critically, the Russian military officials) are in the Russian Federation and are not subject to this court's powers.  Continuing this lawsuit in Washington, DC. would impose on this Court an unnecessary and unsustainable burden of having to determine and apply the military laws, rules, regulations, practices and orders of a foreign country.

Indeed, the Russian Federation and its legal tribunals should have much greater interest in resolving these issues, which would involve examination of military laws, rules, regulations. practices. orders and documents of the Russian military and application of the Russian military laws. rules. regulations, practices and orders. than this court.  The Russian Federation has a particularly pronounced interest in resolving these issues, as they involve uniquely national matter of the military service.

Under these circumstances. we respectfully submit that this Court is neither appropriate nor convenient forum for resolution of these issues. and respectfully requests this Court to dismiss this action on the *forum non conveniens* grounds.

8

II.    **This Action Should Be Dismissed Based Upon Doctrines of**
**International Comity and the Act of State**

In the alternative, this lawsuit against Alexander Semin should be dismissed based upon

doctrines of international comity and the Act of State in that it should be inappropriate for the

U.S. court to determine and adjudicate the status of a foreign national in his country's own

military. Indeed, based upon plaintiff's complaint, declarations and legal submissions, plaintiff

questions validity of Alexander Semin's conscription to the Russian military. This case thus

threatens executive acts of the Russian government, specifically the Russian military authorities.

Under these circumstances, this action should be dismissed from this Court under doctrines of

international comity and the Act of State.

The Act of State doctrine is derived from a policy of mutual respect for other nations'

sovereignty and the appropriate roles of the judicial and executive branches of government:

"Every sovereign state is bound to respect the independence of every other sovereign state, and

the courts of one country will not sit in judgment on the acts of the government of another done

within its own territory. Redress of grievances by reason of such acts must be obtained through

the means open to be availed of by sovereign powers as between themselves." *Underhill v.*

*Hernandez,* 168 U.S. 250, 252, 18 S.Ct. 83, 42 L.Ed. 456 (1897). As such, the Act of State

doctrine "precludes the courts of this country from inquiring into the validity of the public acts of

a recognized foreign sovereign power committed within its own territory." *Banco Nacional de*

*Cuba v. Sabbatino,* 376 U.S. 398, 401, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964). Where adjudication

of a claim would require a court to pass judgment on a foreign government's official act, redress

must be achieved through diplomatic channels, not the courts. *Republic of Austria v. Altmann,*

541 U.S. 677, 124 S.Ct. 2240, 2254 n. 20, 159 L.Ed.2d 1 (2004).

9

The issue of Alexander Semin's – a Russian citizen and resident - military service in the Russian Federation is uniquely and particularly an issue that involves governmental acts. laws, rules. regulations. practices and military orders of the foreign state. Under these circumstances this Court should dismiss this case as a matter of international comity and under the Act of State doctrine.

**III.     This Action Should Be Dismissed in Light of the Mandatory NHL/IIHF Arbitration**

In the alternative, in the event this lawsuit is not dismissed on the grounds addressed above, this lawsuit against Alexander Semin and any injunction entered herein against Alexander Semin should be dismissed based upon mandatory arbitrability of this dispute under the Agreement between the National Hockey League and its member clubs ("NHL") and the International Ice Hockey Federation ("IIHF") and its member hockey federation, including the Russian Ice Hockey Federation dated June 9, 2001 ("NHL/IIHF Agreement"), under which Alexander Semin was transferred to the Capitals. (A copy of the NHL/IIHF Agreement is annexed to Declaration of Alexander Berkovich as Exhibit E).

The Capitals intrusion in this Court upon the military service of the foreign national in his own country is particularly inappropriate since NHL/IIHF Agreement makes specific provision regarding respect for the military service in the country of the player's citizenship. It provides as follows:

"9.6        MILITARY SERVICE

Nothing in this Agreement is intended to permit any player to avoid his country's obligation of compulsory military service."

(See Exhibit E to Declaration of Alexander Berkovich. p. 18)

Furthermore. NHL/IIHF Agreement provides for <u>mandatory</u> arbitration. Specifically. NHL/IIHF Agreement states as follows:

> "6.       INTERNATIONAL ARBITRATION
> 6.1      SCOPE OF ARBITRATION
>
> These parties <u>shall</u> refer any dispute regarding the application and enforcement of this Agreement to arbitration as specified below." (emphasis added)
>
> (See Exhibit E to Declaration of Alexander Berkovich. p. 14)

As the Supreme Court has held. "concerns of international comity. respect for the capacities of foreign and transnational tribunals, and sensitivity to the need of the international commercial system for predictability in the resolution of disputes" counsel *in favor of* enforcing international arbitration agreements. "even assuming that a contrary result would be forthcoming in a domestic context." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 629 (1985)

Under these circumstances, this lawsuit that is challenging validity of Alexander Semin's military service in the Russian Federation and seeks to have Alexander Semin "to avoid his country's obligation of compulsory military service" should be dismissed in light of the <u>mandatory</u> arbitration provisions of NHL/IIHF Agreement.

**IV.      This Action Should Be Dismissed in Light of the CBA Arbitration**

Finally. in the alternative. in the event this lawsuit is not dismissed on the grounds addressed above. this lawsuit against Alexander Semin should be dismissed based upon arbitrability of this dispute under the Collective Bargaining Agreement ("CBA") between the NHL and NHLPA. For that purpose, we respectfully refers to the Memorandum of Points and

Authorities of applicant for intervention. NHLPA. filed in this action. for the arguments in support of the arbitrability of this dispute under the CBA ("NHLPA Brief").

**V.    Injunctive Relief Should be Denied as the Capitals Failed to Demonstrate the Likelihood of Success on the Merits**

**a.    The Standard For Preliminary Injunctive Relief**

The Capitals bear the burden of proving that a balancing of four factors favors preliminary injunctive relief: (1) that the Capitals have demonstrated a substantial likelihood of success on the merits. (2) that the Capitals would suffer irreparable injury if an injunction does not issue, (3) that the injunction would nor substantially injure other interested parties. and (4) that the public interest would be served by issuing the injunction. *Mova v. Shalala*. 140 F. 3d 1060. 1066 (D.C. Cir. 1998): *Morgan Stanley DW v. Rothe*, 150 F. supp. 2d 67, 72 (D.D.C. 2001).

**b.    The Capitals Are not Likely to Prevail on the Merits of Its Claim against Alexander Semin**

The Capitals' motion for injunctive relief against Alexander Semin is apparently based on the claim of the breach of contract against Alexander Semin. (Actually, no substantive claim for the breach of contract against Alexander Semin is plead at all. Rather. the only cause of action asserted against Alexander Semin is the first cause of action for injunctive relief. (See Complaint. ¶¶ 41-47)). In any event, first, in the event this lawsuit is dismissed on any of the grounds sought above, any injunctive relief should be denied as well. Second, as demonstrated above, since the Capitals failed to set forth credible facts to support its speculations that Alexander Semin is not conscripted to the Russian military, since the documents presented herein that the Capitals had an opportunity to review for over two months demonstrate the

12

opposite, and since the Capitals fail to establish that Semin is in breach of his contract with the

Capitals as he is prevented by the Russian military service from performing under his contract

with the Capitals. being rendered incapable to do so due to intervening government action of the

Russian military authorities. the Capitals' claim against Alexander Semin has no merit, or at the

minimum, the Capitals failed to demonstrate the likelihood of success on the merits that warrants

denial of the injunctive relief sought by the Capitals.

While. the Capitals offer only speculations, innuendo. hearsay and inference to argue that

Alexander Semin's conscription is a "sham". the Capitals failed to even address the documents

that clearly demonstrate Alexander Semin's military service in the Russian Federation.  Indeed.

prior to commencement of this lawsuit, the Capitals have been provided with the following

documents, annexed to Declaration of Alexander Berkovich. all of which demonstrate Alexander

Semin's military conscription in the Russia Federation:

> e.    "Information On Private Alexander Valerievich Semin" from Central
> Sports Club of Russian Air Force to the Hockey Club "Lada" Togliatti that
> states that Alexander Semin took his military oath on November 11, 2004.
> was serving in the military in the Central Sports Club of Russian Air
> Force. that term of his compulsory military service is two years and that
> Alexander Semin's military discharge date was November 10, 2006 (See
> Exhibit A)

> f.    Reference issued by the Russian Ministry of Defense dated September 15,
> 2005 that states that Alexander Semin is performing military service in the
> Central Sports Club of the Russian Air Force (See Exhibit B)

> g.    Agreement as of January 7, 2005, whereby Central Sports Club of Russian
> Air Force. in the city of Samara. the Russian Federation. authorized
> Alexander Semin to perform his military service by playing for Hockey
> Club "Lada" Togliatti (See Exhibit C)

> h.    Alexander Semin's military card (military passport) (See Exhibit D)

Although these documents have been provided to the Capitals before this lawsuit was commenced and again most recently by ISA in its document production, the Capitals failed to address or even refer to these documents in the Capitals' court papers, although these documents bear direct relationship to the Capitals' claim and conclusively demonstrate Alexander Semin's military service in the Russian Federation. Rather, by way of speculation, hearsay and innuendo, the Capitals boldly assert that Alexander Semin's military service is a "sham".

While, the Russian attorney employed by the Capitals, Anna Beliakova, implicitly confirms in her Declaration submitted by the Capitals that she indeed received these documents (See Beliakova Decl., ¶ 4), the Capitals "conveniently" attempt to sidestep these documents by Ms. Beliakova asserting that she did not have "legible copies" of these documents. The conscious avoidance by the Capitals of these dispositive documents, makes Ms. Beliakova Declaration that discusses other cases and generic statutes useless as it does not address this specific case, and makes the Capitals bold assertions of "sham" untenable. (Indeed there is no indication however in Ms. Beliakova Declaration or elsewhere by the Capitals that the Capitals ever sought "legible" copies of these documents that are central to the Capitals' case).

Consistent with these documents however, Ms. Beliakova does concede that under the Russian law the term of military service is 24 months and that there is no provision in law for that term to be diminished. (See Beliakova Decl., ¶ 9).

The Capitals thus have failed to adequately demonstrate that Semin is capable of performing under the contract with the Capitals. Indeed, the Capitals concede that he would be prevented by the Russian military service from performing under his contract with the Capitals, being rendered incapable to perform under such contract due to intervening government action of

14

the Russian military authorities. Alexander Semin's failure to perform under his contract thus must be justified as it is impossible for him to perform and is therefore not a breach of his contract with the Capitals. *See Transatlantic Financing Corp. v. United* States, 363 F.2d 312, 315. (D.C. Cir. 1966).

c.    **Balance of Harms Weighs Against Capitals' Request for a Preliminary Injunction**

We respectfully refer to the NHLPA Brief, pp. 16-18, in support of the proposition that balance of harms weighs against plaintiff's request for a preliminary injunction.

Additionally, the injunction would substantially injure interests of Alexander Semin in that while he is subject to the Russian military procedure and orders. including the decisions and orders identified in Exhibits A-C to Declaration of Alexander Berkovich that includes his performing his military service by reporting to and playing hockey for a club authorized by the Russian military. this Court's injunction would be inconsistent with and contrary to these decisions and orders of the Russian military. thus placing Alexander Semin's relationship with the Russian military in jeopardy..

By the reason of the foregoing. the Capitals motion for a preliminary injunction should be denied.

**VI.    Discovery Should be Stayed Pending This Court Decision on the Dispositive Motion Made by Alexander Semin**

Discovery should be stayed for the following reasons. First, in the interest of judicial and parties' economy, discovery should be stayed pending the Court's decision with respect to the dispositive motion made herein by Alexander Semin. Second. this court. in any event. has no

compulsory process powers with respect to any discovery in the Russian Federation, including any discovery of the Russian military or any other Russian witnesses or documents. Third, even if Alexander Semin were subject to this Court's jurisdiction, it is unclear whether – as a member of the foreign military - he could provide any discovery regarding his military status without jeopardizing his relationship with the Russian military.

## Conclusion

For the reasons stated above, the Alexander Semin's motion to dismiss and for stay of discovery should be granted and the Capitals' motion for a preliminary injunction should be denied.

Dated: November 25, 2005

Respectfully submitted,

John F. Conroy, Esq., DC Bar#959791
Gordon & Ermer
Attorneys for Alexander Semin
Two Lafayette Center, Suite 450
1133 21st Street, N.W.
Washington, D.C. 20036
202-833-3400

/s/ Alexander Berkovich
Alexander Berkovich, Esq.
(Pro hac vice application pending)
Attorney for Alexander Semin
230 East 30th Street
Room 7G
New York, NY 10016
Tel. (917) 282-7752
Fax (212) 213
Email: aberkovich@nyc.rr.com